MAX TANENBAUM, Respondent, *v.* REUBEN FELDMAN and Others, Appellants.

Supreme Court, Appellate Term, Second Department, October 31, 1930.

*Ezra Gottlieb,* for the appellants.

*Samuel Edelstein,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellants to abide the event.

Under section 98 of the Negotiable Instruments Law, the holder of a negotiable instrument is presumed to be a holder in due course. But where it is shown that there was fraud in the negotiation of the note, the burden is cast on the holder to prove that he or someone from whom he derived title was a holder in due course.

Here the defendants offered proof that the note in suit was delivered to an attorney on the express condition it should not be

turned over to the payee until the latter had turned over merchandise under an agreement made with the defendants. In determining the weight to be given to such testimony, the court had to consider the paper signed by defendants' attorney which stated the conditions on which he was to turn the note over to the payee's attorney. There was no error in excluding the letter sent by the latter. However, the defendants should have been permitted to show that the merchandise was not delivered in accordance with the arrangement which they claimed was made between their attorney and the attorney for the payee. They should have been permitted also to cross-examine the plaintiff as to his knowledge of any partnership arrangement between the payee and plaintiff's son-in-law to whom the plaintiff claimed he made the payment and from whom he received the note.

Present, CROPSEY, MACCRATE and LEWIS, JJ.